**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHLEEN LOWDEN and JOHN
MAHOWALD, individually and on behalf
of all the members of the class of persons
similarly situated,

Plaintiffs - Appellants,

v.

T-MOBILE USA INC., a foreign
corporation,

Defendant - Appellee.

No. 09-35201

D.C. No. 2:05-cv-01482-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted May 5, 2010[**]
Seattle, Washington

Before: HALL, WARDLAW, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Kathleen Lowden and John Mahowald filed this class action lawsuit to challenge T-Mobile's practice of charging its customers a Universal Service Fund ("USF") fee and a Regulatory Programs Fee ("RPF") in addition to a monthly wireless service rate. They initially filed their complaint in King County Superior Court, and T-Mobile removed to the U.S. District Court for the Western District of Washington, which had jurisdiction pursuant to 28 U.S.C. § 1332(d). Plaintiffs moved for class certification, and T-Mobile moved for judgment on the pleadings. The district court granted T-Mobile's motion and dismissed the case with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Plaintiffs' First Amended Complaint alleges that T-Mobile breached its service contracts with plaintiffs and violated Washington's Consumer Protection Act ("CPA"). To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiffs do not plausibly allege a breach of contract claim. When plaintiffs opened their accounts with T-Mobile, they agreed to be bound by the Terms &

Conditions ("T&Cs") listed on the back of their Service Agreements.  Lowden's[1] Service Agreement disclosed that "[a]ny applicable . . . taxes, fees or charges imposed on Company as a result of providing the Service or your Unit to you will be added to your charges when imposed or required by law."  Mahowald's Service Agreement similarly disclosed that "[a]ny applicable . . . fees or regulatory costs . . . or charges imposed on you or Us as a result of providing the Service on your Unit ("Taxes") will be added to your charges as permitted or required by law."

The USF, created by the Telecommunications Act of 1996,  subsidizes continued telecommunications service for low-income consumers, as well as for consumers in rural and other high cost areas.  47 U.S.C. § 254(b)(3).  The Federal Communications Commission ("FCC") funds the USF by charging all long distance carriers (wireless and land-line) a small percentage of their interstate revenues.  47 U.S.C. § 254(d); 47 C.F.R. § 54.709(a).  The FCC expressly permits carriers to recover their USF contributions from consumers through line-item charges.  47 C.F.R. § 54.712(a).  Because T-Mobile is required to contribute to the USF as a result of providing long distance wireless services to plaintiffs, and because USF contributions may be passed along to consumers, plaintiffs' Service

---

[1]Although the district court dismissed Lowden's claims on standing grounds, we need not address this issue.  Instead, we hold on the merits that Lowden has failed to state a claim either for breach of contract or for a CPA violation.

Agreements authorized T-Mobile to charge plaintiffs a USF fee. Similarly, the Service Agreements authorized T-Mobile to charge plaintiffs the RPF, which is used to recover costs related to government mandates and programs such as wireless number pooling, local number portability and enhanced 911. T-Mobile was not required to list by name in its Service Agreements every regulatory charge it would pass on to its customers.

Plaintiffs also fail to plausibly allege a CPA violation. A private action under the CPA requires a plaintiff to plead an "unfair or deceptive act or practice," which is a practice having "the capacity to deceive a substantial portion of the public." *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 18 (Wash. 2007). As explained above, T-Mobile's contracts adequately disclosed that it would pass along regulatory fees such as the USF fee and the RPF to its customers. Moreover, until 2005 the FCC expressly excluded wireless providers from the requirement that "charges contained on telephone bills must be accompanied by a brief, clear, non-misleading, plain language description of the service or services rendered." 47 C.F.R. § 64.2401(b); *In the Matter of Truth-in-Billing and Billing Format*, 20 F.C.C.R. 6448, 6456 ¶ 16 (2005). We have previously held that these "Truth-in-Billing" rules do not have retroactive effect. *In re NOS Commc'ns*, 495 F.3d 1052, 1062 (9th Cir. 2007).

At no point does the complaint explain how any particular pre-sale advertising might have "induce[d] contact through deception," *Robinson v. Avis Rent A Car Sys., Inc*, 22 P.3d 818, 825 (Wash. Ct. App. 2001), or allege with specificity that T-Mobile materially misrepresented the nature or amount of its fees, *Gordon v. Virtumondo, Inc.*, 575 F.3d 1040, 1065-66 (9th Cir. 2009). Although disclosure of the USF fee and the RPF in the "Taxes" sections of the T&Cs and monthly invoices might give the impression that the government is imposing the USF fee and the RPF directly on consumers, plaintiffs do not point to any description of these charges that would materially deceive a substantial number of potential customers. The T&Cs state that plaintiffs would be billed for all taxes and regulatory fees imposed on the customer or on T-Mobile as permitted or required by law, and this definition accurately encompasses the USF fee and the RPF.

The district court did not abuse its discretion in denying plaintiffs further leave to amend their complaint. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (internal quotation marks omitted)). The district court previously granted leave to file the First Amended Complaint after all briefing on T-Mobile's

-5-

judgment on the pleadings was complete, yet the First Amended Complaint did not address the deficiencies raised in T-Mobile's briefs. The proposed Second Amended Complaint also does not appear to meaningfully address those deficiencies.

**AFFIRMED.**